HUMPHREYS, J.,
concurring.
I entirely join in the analysis and judgment of the majority and I write separately solely to emphasize the rationale for Rule 5A:12(c) and the necessity for adherence to it.
As Judge Elder points out in his dissent, counsel for the appellant alleged in the trial court that Officer Bryan lacked “probable cause or a reasonable suspicion of criminal activity to conduct a stop of the vehicle operated by Matthew Moore.” Although phrased in the disjunctive in the trial court, it was apparent to me from appellant’s brief and en banc oral argument, that appellant’s counsel was erroneously using the distinctively different terms of constitutional art—“probable cause” and “reasonable suspicion”—interchangeably. See *5 United States v. Arvizu, 534 U.S. 266, 273, 122 S.Ct. 744, 750, 151 L.Ed.2d 740 (2002). This perhaps explains appellant’s failure to allege as error in his issue presented, the actual legal standard relied upon by the trial court. However, such an explanation cannot operate as an excuse.
Some might suggest our disposition of this case is an overly technical application of our Rules. However, under the constitutional and statutory scheme under which we operate, we must decide cases based upon the issues appellants present to us, not the issues they might or should have presented. At both the trial and appellate level, our system of justice is inherently an adversarial system and the courts may not properly assume the role of an advocate for either party.
The rule of law can only exist if laws are administered fairly, rationally, predictably, consistently, and impartially. Our entire judicial system is premised upon the notion that, only a party acting pro se or a professional attorney, making strategic and tactical decisions as an advocate and theoretically in the client’s best interest, may frame the issues the courts must resolve. To second guess counsel for the parties and substitute our collective judgment to re-frame issues in a way that may better serve the appellate interest of one of the parties, would necessarily call into question our objectivity and impartiality with respect to both the other party and the public generally.
Accordingly, we have no alternative but to affirm the judgment of the trial court for the reasons more fully stated in the majority opinion.